## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                                    Chapter 11

                                                          Case No. 22-11068 (KBO)

FTX TRADING LTD., *et al*.,                              (Jointly Administered)

**COMPLAINT FOR RELIEF, INCLUDING INDEFINITE EXTENSIONS OF (1) MARCH 1, 2025, DEADLINE RE KYC COMMENCEMENT, (2) JUNE 1, 2025, KYC COMPLETION DEADLINE, AND (3) ALL OTHER PERTINENT FUTURE DEADLINES, TO ENABLE MORGAN & MORGAN CLIENTS TO FULLY RESOLVE ALL OUTSTANDING ISSUES REGARDING THEIR RESPECTIVE CLAIMS, AND TO COMPEL FTX TO IMMEDIATELY ADDRESS SAME**

Morgan & Morgan, P.A., on behalf of its clients[1] and through its undersigned counsel, file its Complaint against FTX Trading LTD., (hereafter known as "Debtor"), alleging the following based upon personal knowledge and upon its investigation to date as to itself and its own actions, and upon information and belief as to all other matters:

### NATURE OF THE CASE

1.      Morgan & Morgan, P.A. brings this adversary proceeding ("Adversary Proceeding") pursuant to Sections 105, and 362 of the United States Bankruptcy Code, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

### JURISDICTION AND VENUE

2.      This Adversary Proceeding relates to the Plaintiff's Chapter 11 Cases filed with this Court on the Petition Date. The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the Amended Standing Order of Reference from the United

---

[1] Morgan & Morgan, P.A. clients, hereafter referred to as the "M&M Group of FTX Clients" or "Morgan and Morgan Clients", are attached hereto, and incorporated herein, as **Exhibit A**.

States District Court for the District of Delaware, dated February 29, 2012.

3.        This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter final orders herein.

4.        Venue of this Adversary Proceeding in this District is proper pursuant to 28 U.S.C. § 1409, and venue in this District is consistent with the interests of justice, judicial economy, and fairness.

5.        The statutory predicates for the relief requested herein are Sections 105, 362, and 542 of the Bankruptcy Code.

6.        This Adversary Proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure because, at a minimum, it seeks, among other things, to recover money or property belonging to the Debtors' Chapter 11 estates. Fed. R. Bankr. P. 7001(1). 19. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of final orders and judgments by the Court on these claims to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution

## **BACKGROUND**

7.        On November 11 and November 14, 2022 (as applicable, the "Petition Date"), FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On October 8, 2024, the Court entered an order confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates [D. I. 26404] (the "Plan"), which

became effective on January 3, 2025 [D.I. 29127] (the "Plan Effective Date").

8.   On January 16, 2024, a motion and order for admission Pro Hac Vice, pursuant to Local Rule 9010-1, and Certification by undersigned counsel, was submitted to the Court, partially under seal.  The Court subsequently entered an order granting said motion on August 8, 2024[2].

9.   Starting as far back as October 2024, counsel for the M&M Group of FTX Clients has been communicating regularly with Debtor's counsel regarding numerous issues, questions and concerns about their clients' claims, after making little to no progress with the FTX bankruptcy administrators (Kroll) regarding same.

10.  Throughout November 2024, Morgan & Morgan regularly corresponded with Debtor's counsel in a good faith effort to resolve our clients' respective issues.  In January 2025 and February 2025, emails and phone calls took place between undersigned counsel and his staff, and counsel for Debtor, at which times multiple email attachments, including Excel spreadsheets identifying respective client issues, were sent to Debtor's counsel for review/explanation.

11.  Throughout April and May 2025, more phone calls and emails were sent to Debtors' counsel regarding the growing unresolved concerns of clients.

12.  Morgan & Morgan has spent numerous hours via phone and email corresponding with their clients to assist in finding a solution to the various problems they are encountering including but not limited to log-in issues, verification of identities, commencement of KYC requirements and submission of required related documents, claim amounts showing up as disputed, notices re failure to provide supporting documents, and inaccurate claim amounts, etc.).

13.  In addition, Morgan & Morgan has also spent countless hours corresponding with FTX

---

[2] Per Ms. Sharon Page, Clerk of Court for the United States Bankruptcy Court for the District of Delaware, a document-reference glitch in the system prevented undersigned counsel from receiving notices in the instant proceedings prior to August 8, 2024.

Support via support@ftx.com to assist in finding a solution to the various problems their clients are encountering, in substantial part, to no avail.

14. While some Morgan & Morgan clients' issues were indeed resolved, mainly due to the efforts described above, such is not the case for a substantial majority of Morgan & Morgan clients. However, said result is not for lack of effort.

15. An indefinite extension of the March 1, 2025 KYC Commencement deadline, and the June 1, 2025 KYC completion deadline, as well as all pertinent future deadlines vis-à-vis the instant claims procedure, is necessary to enable the M&M Group of FTX Clients to fully resolve all outstanding issues regarding their respective claims, and is reasonable and appropriate under the circumstances, in order to facilitate a recovery of funds that said clients are entitled to.

16. Moreover, it would not be an undue burden to the bankruptcy estate to allow for said requested relief, as the total amount of claims at issue with respect to all Morgan & Morgan clients experiencing the issues described above, is less than a thousandth of one percent of the total amount of claims of all claimants in the instant proceedings.

## MAIN ISSUES PRESENTED WITH KYC PORTAL

17.    There are three main issues that have been presented to Debtor's counsel regarding the required KYC completion process.  Examples are listed, as follows:

a.    Clients are unable to log into their KYC portal. Clients have hit the "reset password" button, upon being prompted, to receive an email regarding logging in.  However, for numerous clients, the email never comes to their inbox or spam folder, and the client is left to email support@ftx.com. After the client emails support, and support gets back to them, they are told they need to provide copious amounts of paperwork to be able to even log into the portal and complete the process.  This has been a very frustrating and stressful, and seemingly never-ending

process, for many of our clients.

b.      Client's log into their KYC portal and complete the steps as directed by the site. However, Step 4 ("View Account Balances" Step), shows incorrect or otherwise inaccurate balances. For many clients, the balances listed are for far less than their claim amount and/or indicate balances of zero ($0.00).  Such is the case for many of our clients who attempted to effectuate withdrawals from their FTX account during the days/weeks prior to FTX's bankruptcy filing, where faulty FTX internal records indicate that transactions were effectuated, when they were not.  Multiple calls and emails have been made with Debtors' counsel regarding incorrect balances showing up and while "it is being looked into", there are seemingly no solutions. To follow this, there are also clients who still have their claim showing as "disputed". With a June 1, 2025 deadline looming, and for there to still be disputed claims showing up on the KYC website shows yet another reason all deadlines should be extended indefinitely to allow for all discrepancies to be corrected and outstanding issues to be resolved.

c.      Clients are still not able to choose a Distributor on the KYC website; for those located in New York ("NY"), there are still no distributors accepted. Kraken and BitGo- the distributors provided on the KYC website- are not accepted in NY.

WHEREFORE, Movant requests this Court grant the requested relief, including an indefinite extension of (1) the March 31, 2025 KYC Commencement deadline, (2) the June 1, 2025 KYC Completion deadline, and (3) all other pertinent future deadlines vis-à-vis the instant claims procedure, to enable Morgan & Morgan Clients to fully resolve all outstanding issues regarding their respective claims, so that they may receive the funds they are entitled to, and to compel FTX to immediately address all outstanding issues preventing same, and for such further relief as the Court deems appropriate.

Dated: May 29, 2025

/s/ Amir Isaiah
Attorney Amir A. Isaiah
Morgan & Morgan, P.A.
Business Trial Group
20 North Orange Avenue, Suite 1600
Orlando, Florida
Email: isaiah@forthepeople.com
Phone: (305) 929-1920

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will serve an electronic copy on all counsel of record.

/s/ Amir Isaiah
Attorney Amir Isaiah
Florida Bar No. 32101
Morgan & Morgan, P.A.
Business Trial Group
20 North Orange Avenue
Suite 1600
Orlando, FL 32801
Email: isaiah@forthepeople.com
Phone: (305) 929-1920

# EXHIBIT A
## (Redacted)